# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

BOBBIE McMULLIN,

      Petitioner,

v.                              Case No. 1:11-cv-1112 JCH/WDS

E. BRAVO, et al.,

      Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

This matter is before the Court on the Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus by a Person in State Custody filed December 19, 2011. [Doc. 1.] Respondent has filed an Answer in opposition to the Petition and requests dismissal. [Doc. 8.] The United States Magistrate Judge, having considered the arguments of the parties, the record, relevant law, and being otherwise fully advised, recommends that the Petition be denied and that this case be dismissed with prejudice.

## BACKGROUND

Petitioner Bobbie McMullin is pro se and incarcerated. In 2009, following a jury trial, he was convicted in New Mexico state court in Cause No. CR 2008-2602 of numerous counts of promoting prostitution, and sentenced to thirteen and one-half years' incarceration to be followed by one year of parole. [Doc. 8-1 at 1-4.] In 2010, in Cause No. CR 2008-06127,

---

[1] Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

Petitioner pleaded no contest to additional charges of promoting prostitution, racketeering, money laundering, extortion, and false imprisonment, and received a 30-year partially suspended sentence which is to run concurrently with the sentence imposed for the 2009 conviction. [Doc. 8-3 at 1–4.]

Petitioner appealed the 2009 conviction. The New Mexico Court of Appeals affirmed on September 21, 2010. [Doc. 8-1 at 48– 53.] The New Mexico Supreme Court denied his petition for writ of certiorari on December 22, 2010. [Doc. 8-2 at 1– 11; Doc. 8-2 at 45.]

After the convictions and while cause No. CR 2008-2602 was on appeal, Petitioner filed two pro se motions in an attempt to compel the state to provide various records at no cost to himself. These two motions, which he filed August 2, 2010 in the trial court in each case, stated that Petitioner had previously been found indigent and required the record proper, and a "complete copy of the Court Clerk's file and the trial tapes and transcripts" to pursue his "Appeal-Writ of Habeas Corpus." [Doc. 8-2 at 49–51 (Cause No. CR 2008-2602); Doc. 8-3 at 45–47 (Cause No. CR 2008-06127).] The record does not reflect a ruling on the motion filed in Cause No. CR 2008-2602; the motion filed in Cause No. CR 2008-06127 was summarily denied. [Doc. 8-3 at 49.]

In 2011, Petitioner again filed motions in the trial court in both cases. Expanding upon his request for the record proper, he sought to have the following additional items provided to him free of charge:

1.      Copies of all motions and briefs filed by his appointed counsel and the District Attorney's Office pretrial, trial, and post-trial;

2

2.      A complete copy of the police reports and copies of all statements made by any party to the actions;

3.      The original or certified copies of the tape recordings of the grand jury proceedings;

4.      Copies of all letters, memoranda, and communications made by the prosecution or law enforcement, and from all witnesses that testified or gave a statement to the prosecution, and their plea agreements;

5.      Copies of all handwritten notes made by members of the Albuquerque Police Department, the Federal Bureau of Investigation, the Secret Service, and any other government agency during their investigation of him;

6.      Copies of all statements, sworn or un-sworn, oral and written, that were made during the course of the investigation; and

7.      Copies and certified transcripts of the undercover audio and video recordings made in his case and copies of all electronic data taken into evidence during the investigation.

[Doc. 8-2 at 53–55; Doc. 8-4 at 1–3.] The record does not reflect a ruling on the motion filed in Cause No. CR 2008-2602; the motion filed in Cause No. CR 2008-06127 was summarily denied on March 1, 2011. [Doc. 8-4 at 4.]

Petitioner petitioned the Supreme Court of New Mexico for a writ of mandamus to compel the Second Judicial District Court to provide the requested information. [Doc. 8-4 at 5–9.] The Supreme Court of New Mexico requested a response to the petition. [Id. at 24.] After receiving a response from the state, the Supreme Court of New Mexico denied the

petition for mandamus.  [Id. at 33.]

In this habeas proceeding, Petitioner seeks: (1) to compel the state to provide him with "all requested records, files and transcripts at no cost to the Petitioner"; (2) "restitution"; and (3) to vacate both convictions and bar the state "from any additional attempts to prosecute Petitioner with materials contained in the requested files, records and transcripts." [Doc. 1 at 8.]  Respondent opposes the relief requested on the grounds that the claim raised is a matter of state law and fails to present a cognizable federal habeas claim for relief.  [Doc. 8 at 1–2.]  Respondent concedes exhaustion.  [Id. at 10.]

## LEGAL STANDARDS

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Petitioner will be entitled to habeas relief only if he can establish that the state courts' resolution of any claims adjudicated on the merits was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  If a claim has not been "adjudicated on the merits" by the state courts, review by the federal habeas court is de novo.  *Cone v. Bell*, 556 U.S. 449, 472, 129 S.Ct. 1769, 1784 (2009).

## DISCUSSION

Petitioner's first two motions were limited to the record proper and the "trial transcripts and tapes and Court Clerk's file." [Doc. 8-2 at 49–51 (Cause No. CR 2008-2602); Doc. 8-3 at 45–47 (Cause No. CR 2008-06127).]  His later two motions expanded greatly

4

upon the earlier requests and included:  briefs filed by his appointed counsel and the district attorney (Item 1); investigative materials such as police reports, law enforcement communications, notes, witness statements, and undercover recordings (Items 2, 4, 5, 6, and 7); and grand jury tapes (Item 3).  [Doc. 8-2 at 54; Doc. 8-4 at 2.]

The trial courts, and ultimately the Supreme Court of New Mexico, denied Petitioner's requests for these records.  The Supreme Court of New Mexico's decision, though summary, qualifies as a disposition on the merits and is therefore entitled to deferential review.  *See Aycox v. Lytle*, 196 F.3d 1174, 1177–78 (10th Cir. 1999).

At the outset, the Court concludes that Petitioner's requests for restitution and to have his convictions vacated should be denied.  He does not allege any constitutional error in connection with his trial or appeal.  His sole claim in habeas is that he has been denied the records he allegedly needs to "mount a proper, rational and effective appeal of [his] convictions."  [Doc. 1 at 6.]

Petitioner's claim that indigency entitles him to obtain state court records free of charge invokes equal protection and due process principles.  Federal law clearly establishes that if states provide transcripts for appeals from convictions in criminal proceedings, the due process and equal protection clauses of the Fourteenth Amendment require that the right shall not be limited to those who are able to afford the expense of an appeal.  *Griffin v. Illinois*, 351 U.S. 12, 19 (1956) (holding that destitute defendants must be afforded as adequate appellate review as defendants who have money to buy transcripts).  This does not mean, however, that states "must purchase a stenographer's transcript in every case where a

5

defendant cannot buy it." *Griffin*, 351 U.S. at 10. The measure of the right defined in *Griffin* is whether the criminal defendant has been afforded a "record of sufficient completeness to permit proper consideration of their claims." *Draper v. Washington*, 372 U.S. 487, 499 (1963) (quotation marks omitted).

To the extent Petitioner seeks the record of the trial court proceedings to pursue an appeal, it is clear from the face of the Petition that he is not entitled to relief. The record was provided to his appellate counsel, Mr. Tangora, for the purpose of pursuing an appeal on his behalf. [Doc. 1 at 5.] An indigent does not have a constitutional right to a personal copy of the transcript when a transcript has been made available to his counsel. *See Anderson v. Tomasic*, No. 90-3253, 930 F.2d 32, 1991 WL 35373, * 1 (10th Cir. Feb. 26, 1991) (unpublished table opinion). Petitioner claims he requested a copy of the record from Mr. Tangora, but Mr. Tangora was unable to provide it because he had borrowed it from and returned it to the Court of Appeals. [Doc. 1 at 5.] Petitioner does not claim, however, that the record made available to Mr. Tangora was insufficient to permit proper consideration of his claims on appeal. Absent any allegation that an incomplete record hindered his appeal, the Petition fails to state a claim for habeas relief.

The New Mexico courts' orders denying Petitioner's requests for the additional items also were not contrary to clearly established federal law. Petitioner is not constitutionally-entitled to free copies of the briefs filed by his appointed counsel and the district attorney's office (Item 1). The briefs presumably were part of the court record available to his appellate counsel. But even if they were not, there is no indication that the briefs were necessary for

consideration of the claims on appeal.  *See Draper*, 372 U.S. at 495–96 (holding states need only provide indigent appellants portions of the record germane to issues on appeal).

The primary issue on appeal was whether Petitioner was prejudiced by the allegedly late disclosure of certain evidence, specifically, a disk of his computer data seized pursuant to a warrant.  [Doc. 8-2 at 14.]  The disk contained approximately 60,000 pages of computer data, including names and contact information for approximately 3,000 of Petitioner's clients some of whom, Petitioner contended, could have been subpoenaed to testify that they conducted legitimate business with him.  He argued the late disclosure of this data by the prosecution prevented him from locating, interviewing, and calling these witnesses at trial. [Id. at 14–15.]  The New Mexico Court of Appeals concluded that Petitioner had not been prejudiced.  It was undisputed that Petitioner derived part of his income from a legitimate security alarm business; thus, even if Petitioner could have identified and called witnesses to testify that they conducted legitimate business with him, it would not have detracted from evidence supporting the charges that he also engaged in illegitimate business.  [Id. at 15.] Furthermore, the trial had been reset after he received the discovery, and the delay afforded the defense six months to identify potential witnesses.  [Id. at 16.]

Another issue on appeal was whether Petitioner should be allowed to amend his docketing statement to argue that his trial counsel was ineffective by failing to object to the prosecutor's continued reference to Petitioner's contract performers as "prostitutes."  [Doc. 8-1 at 49.]  The New Mexico Court of Appeals concluded that the lack of objection could have been a matter of trial tactics resulting from a reasonable determination that objections

would call attention to the characterization, and accordingly denied leave to amend.

The New Mexico Court of Appeals was able to resolve these issues with the record before it. Although Petitioner claims the state has engaged in a "continued and combined effort to keep files, records and transcripts" out of his hands, he concedes the record was available to his appellate counsel. [Doc. 1 at 6.] Thus, neither Petitioner's alleged indgency nor the state's refusal to provide him with a personal copy of the record hampered his appeal.

With respect to the materials generated by state and federal law enforcement authorities during the criminal investigation (Items 2, 4, 5, 6, and 7), the Petition states no basis for requiring the state to provide these to the Petitioner free of charge. Prior to trial, Petitioner's trial counsel requested and received a court order compelling the prosecutor to produce a disk of computer data that had been seized pursuant to a search warrant. [Doc. 8-1 at 50.] Although issues arose regarding prejudice to the defense because of the alleged delay in receiving this evidence from the prosecution, that is not the issue Petitioner raises here. Instead, he claims he needs additional materials from the state in order to "mount a proper, rational and effective appeal of [his] convictions." [Doc. 1 at 6.]

The rights set forth in *Griffin* extend only to the portions of the trial court record that a criminal defendant needs to pursue an adequate appeal. *See Britt v. North Carolina*, 404 U.S. 226, 227 (1971) (state must provide indigent prisoners with basic tools for adequate defense and appeal when those tools are available for a price to other prisoners). In this case, Petitioner's appeals have run out. Furthermore, *Griffin* and its progeny are not clearly-established precedent for habeas petitioners attempting to add to the record of the state court

proceedings. *See Barkell v. Crouse*, 468 F.3d 684, 688 (10th Cir. 2006). Therefore, the state courts' orders denying his requests to compel the state to provide—free of charge—items such as police reports, law enforcement communications and notes, witness statements, and undercover recordings are not contrary to clearly established federal law.

The state courts' orders denying Petitioner access to the grand jury transcripts (Item 3) are not contrary to federal law, but indeed are consistent with federal law. Under federal law, grand jury secrecy is the norm and is consistently guarded against unwarranted intrusion. *United States v. Sells Eng'g*, 463 U.S. 418, 424–25 (1983) (holding secrecy essential to proper functioning of grand jury system); *see also* Fed.R.Crim.P. 6(e)(2) (forbidding disclosure of matters that occur before the grand jury). Petitioner has not alleged any facts that would suggest he is entitled to intrude upon the long-established policy guarding the confidentiality of grand jury proceedings or that he is entitled to the grand jury tapes in his case, free of charge or otherwise.

Finally, to the extent the Petition can be construed as seeking transcripts for the purpose of pursuing habeas relief, as Petitioner alleged in state court, the claim should be denied. An indigent prisoner's right to a free transcript turns on his ability to present a non-frivolous claim. *Livingston v. Kansas*, 407 F.App'x 267, 275 (10th Cir. 2010) (unpublished). Petitioner has not presented *any* claim of error in connection with the trial proceedings, let alone a non-frivolous claim, and an indigent § 2254 prisoner does not have a constitutional right to a free transcript in order to search for error. *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992).

9

## RECOMMENDED DISPOSITION

The Court recommends the Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus by a Person in State Custody [Doc. 1], filed December 19, 2011, be DISMISSED with prejudice.

_____
**W. DANIEL SCHNEIDER**
**UNITED STATES MAGISTRATE JUDGE**

10