**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**BOBBIE McMULLIN,**

    **Petitioner,**

**vs.**                                                            **Cause No.: 1:11-cv-1112 JCH/WDS**

**E. BRAVO, et al.,**

    **Respondents.**

**ORDER ADOPTING MAGISTRATE JUDGE'S**
**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on: (1) the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 10], filed April 25, 2012 (PFRD); (2) Petitioner's "Objection to Magistrate Judge's Denial of Petitioner's Motion for Court Investigation of the Prison Mail Facility" [Doc. 13], filed June 26, 2012; and (3) Petitioner's "Objections to Magistrate Judge's Proposed Findings" [Doc. 14], filed July 2, 2012.  The Court concludes that Petitioner's "Objection to Magistrate Judge's Denial of Petitioner's Motion for Court Investigation of the Prison Mail Facility" should be overruled.  The Court further concludes that Petitioner has failed to make specific objections to the Magistrate Judge's report and has therefore waived review.  Accordingly, the Court adopts the PFRD, and dismisses Petitioner's claims with prejudice.

**BACKGROUND**

Petitioner Bobbie McMullin is pro se and incarcerated pursuant to two state court convictions, one by jury trial and the other pursuant to a plea agreement.  Both convictions involve numerous offenses of promoting prostitution.  [Doc. 8-1 at 1–3; 8-3 at 1–2.]  McMullin filed a "Petition under 28 USC 2254 for Writ of Habeas Corpus by a Person in State Custody" [Doc. 1] on

December 19, 2011.  He seeks to have both convictions vacated on the grounds that he is indigent and the state's refusal to provide him certain documents and records free of charge caused him to be wrongly convicted and interfered with his ability to appeal the convictions and pursue habeas relief.  [Doc. 1 at 6–8.]  The Court referred the matter to the Magistrate Judge for recommendation.  [Doc. 4.]

The Magistrate Judge concluded that the state's alleged failure to provide the documents free of charge is not grounds for habeas relief in this case and recommended that the Petition be denied and the case be dismissed with prejudice.  [Doc. 10.]  The Magistrate Judge based his conclusion on clearly-established law that requires states to provide indigent criminal defendants relevant portions of the record to pursue an appeal.  *Griffin v. Illinois*, 351 U.S. 12, 19 (1956) (holding that destitute defendants must be afforded as adequate appellate review as defendants who have money to buy transcripts).  As the Magistrate Judge noted, the record the state provides indigent criminal defendants must be of "sufficient completeness to permit proper consideration of their claims." *Draper v. Washington*, 372 U.S. 487, 499 (1963) (quotation marks omitted).

Based on allegations in the Petition, the Magistrate Judge concluded that the state had provided the trial court record to McMullin's appellate attorney to pursue an appeal on McMullin's behalf and that there is no clearly-established law that requires the state to provide an additional free copy for McMullin's personal use.  [Doc. 10 at 6.]  The Magistrate Judge further concluded that there is no indication the record provided to his appellate counsel was not sufficiently complete to permit proper consideration of the claims on appeal.  [Id.]  Finally, the Magistrate Judge concluded that there is no clearly-established law that entitles McMullin to free copies of the other documents he requested, such as briefs, motions, law enforcement and investigation materials, and grand jury

transcripts.[1]  [Doc. 10 at 6–10.]   After receiving an extension, McMullin filed "Objections to Magistrate Judge's Proposed Findings."  [Docs. 12, 14.]

### DISCUSSION

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed.R.Civ.P. 72(b)(3).  To preserve an issue for de novo review, a party's objections to the magistrate judge's report and recommendation must be both timely and specific.  *United States v. 2121 East 20th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).  In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  *United States v. Garfinkle*, 261 F.3d 1030–31 (10th Cir. 2001).

Although McMullin submitted a document that purports to contain objections to the Magistrate Judge's findings, he has not actually objected to the Magistrate Judge's reasoning or any of his conclusions, including the ultimate conclusion that McMullin has failed to state a claim for habeas relief.  Instead, he asserts a wide range of alleged trial and appellate errors:

---

[1] The complete list of documents McMullin claims the state is required to furnish free of charge is:

1. Copies of all motions and briefs filed by his appointed counsel and the District Attorney's Office pretrial, trial, and post-trial;
2. A complete copy of the police reports and copies of all statements made by any party to the actions;
3. The original or certified copies of the tape recordings of the grand jury proceedings;
4. Copies of all letters, memoranda, and communications made by the prosecution or law enforcement, and from all witnesses that testified or gave a statement to the prosecution, and their plea agreements;
5. Copies of all handwritten notes made by members of the Albuquerque Police Department, the Federal Bureau of Investigation, the Secret Service, and any other government agency during their investigation of him;
6. Copies of all statements, sworn or un-sworn, oral and written, that were made during the course of the investigation; and
7. Copies and certified transcripts of the undercover audio and video recordings made in his case and copies of all electronic data taken into evidence during the investigation.

[Doc. 8-2 at 53–55; Doc. 8-4 at 1–3.]

1. He was not provided counsel until a few days prior to trial. [Doc. 14 at 1.]

2. His trial counsel was not compensated and was required to represent him without sufficient time or resources. [Id.]

3. The trial judge denied his motion to dismiss his counsel. [Id.]

4. He never met with his defense attorney prior to trial to plan or prepare a defense. [Id. at 3–4.]

5. His trial attorney refused to present the defenses of entrapment and fictitious evidence. [Id. at 4.]

6. The New Mexico Court of Appeals based its denial of his appeal on an erroneous trial date. Specifically, he claims that docket entries indicating that he went to trial in October 2009 are fabricated, and that his trial was actually held in April 2009. [Id. at 4, 10–11.]

7. He was not provided with discovery after indictment. [Id. at 4–5.]

8. He was not allowed to attend the grand jury proceedings. [Id. at 5.]

9. The investigation prior to his arrest was fabricated and the lead detective committed perjury. [Id. at 5–6.]

10. The trial judge denied his attorney's motion for a change of venue. [Id. at 6.]

11. The prosecution withheld discovery until three days before trial, and when it was provided on a disk, McMullin was unable to fully access the information because he did not have a computer or printer. [Id. at 6–7.]

12. Both his appellate attorneys advised him that only one issue could be presented on direct appeal and that any other issues would have to be presented in habeas. [Id. at 7.]

13. Several government officials and judges, including the judge who accepted his plea, were his customers and were involved in the police investigation. [Id. at 8–9.]

14. The plea the trial judge gave him was not the same plea to which McMullin had previously agreed. [Id. at 8.]

McMullin claims that the documents he seeks contain evidentiary support for these allegations.

McMullin did not object to any portion of the Magistrate Judge's report, opting instead to assert entirely new issues. The Court therefore concludes he has waived de novo review of the

Magistrate Judge's recommendation.

Furthermore, the Court need not address McMullin's new claims and theories because he did not present them to the Magistrate Judge. *See Bahney v. Janecka*, 365 F.App'x 941, 944 (10th Cir. 2010) (unpublished) (district court's determination that petitioner had waived new claims raised for the first time in objections to magistrate judge's report is not reasonably debatable). Because McMullin is pro se, his pleadings are entitled to a liberal construction. Not even under the most liberal reading, however, could the Court conclude that McMullin raised these issues in the Petition or previously presented them to the Magistrate Judge.

McMullin also filed a document objecting to the Magistrate Judge's denial of his request to investigate the prison mail facility. [Doc. 13.] McMullin's objection refers to an order the Magistrate Judge issued on May 18, 2012, which granted his request for an extension of time to object to the PFRD due to an alleged mail delay, directed the Clerk to mail him another copy of the PFRD, and generally denied all other requests including a request to investigate the prison mail facility. [Doc. 12.]

The Court overrules McMullin's objection to the Magistrate Judge's May 18, 2012 order. The copy of the PFRD attached to McMullin's motion belies his allegation that he received a partially illegible document that did not have a file stamp. [Doc. 11 at 4–17.]

**IT IS ORDERED** that: (i) Petitioner's "Objection to Magistrate Judge's Denial of Petitioner's Motion for Court Investigation of the Prison Mail Facility" [Doc. 13], filed June 26, 2012 is **OVERRULED**; (ii) Petitioner's "Objections to Magistrate Judge's Proposed Findings" [Doc. 14], filed July 2, 2012, is **OVERRULED**; (iii) the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 10], filed April 25, 2012 are **ADOPTED**; and (iv) the "Petition under 28 USC 2254 for Writ of Habeas Corpus by a Person in State Custody" [Doc. 1], filed

December 19, 2011 is **DENIED** and the case is **DISMISSED with prejudice**.

                                                    **UNITED STATES DISTRICT JUDGE**